**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **NICHOLAS PASQUALE,** | |
| *Plaintiff*, | |
| v. | **Case No. _____** |
| **KBR, INC., and TECHNICAL STAFFING RESOURCES, LLC,** | |
| *Defendants.* | |

**<u>NOTICE OF REMOVAL</u>**

  **COME NOW**, Defendants KBR, Inc. ("KBR") and Technical Staffing Resources, LLC ("TSR"), and hereby remove this action from the Superior Court for the State of Delaware, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, as amended.  In support of removal, Defendants respectfully submit as follows:

  1. On August 12, 2022, Plaintiff Nicholas Pasquale filed a complaint captioned *Nicholas Pasquale v. KBR, Inc. and Technical Staffing Resources, LLC* in the Superior Court for the State of Delaware, Civil Action No. N22C-08-041 FJJ.  A copy of the initial complaint is attached hereto as **Exhibit 1**.  A copy of the complaint and state court summons were delivered to Defendants KBR and TSR through their registered agent, The Corporation Trust Company (1209 Orange Street, Wilmington, Delaware 19801), in the State of Delaware, on August 22, 2022.  A copy of the documents and accompanying papers that were delivered to KBR and TSR are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively.

  2. In his complaint, Plaintiff asserts one purported claim of age discrimination for failure to hire under the Age Discrimination in Employment Act (ADEA), and Delaware Civil Code 19 *Del. C.* § 701 *et seq*, and 19 *Del. C.* § 715.  (Ex. 1, Complaint at ¶¶ 25-30).

3.      In connection with his purported claims, Plaintiff seeks to recover actual, compensatory, and punitive damages, in addition to costs and attorneys' fees.  (Ex. 1, Complaint at ¶¶ 22-24).

## BASIS FOR REMOVAL

### *Federal Question*

4.      As demonstrated herein, this action is properly removed pursuant to 28 U.S.C. §§ 1441(a) and 1331 because it appears from the face of the complaint that Plaintiff is asserting claims "arising under the Constitution, laws, or treatises of the United States;" namely, the ADEA.  (*See* Ex. 1, Complaint at ¶¶ 6 and 25-30, *and* 28 U.S.C. § 1331).  Thus, the requisite federal question for original jurisdiction is satisfied, and the action is removable without regard to the citizenship or residence of the parties.  (*Id*.  *See also* 28 U.S.C. §§ 1441 and 1446).

5.      Because this Court has original jurisdiction over Plaintiff's federal claims, the Court may accept the Plaintiff's claims that arise under Delaware common law and/or Delaware Civil Code 19 *Del. C.* § 701 *et seq*, and 19 *Del. C.* § 715, under its supplemental jurisdiction.  (28 U.S.C. §§ 1367 and 1441(c)).

6.      Plaintiff's age discrimination claims arising under state and federal law arise from the event—Plaintiff's failed attempts to secure employment as a re-hire with KBR.  Thus, the claims necessarily share "a common nucleus of operative fact," and arise from identical factual allegations.  (*See* Ex. 1, Complaint at ¶¶ 7-21).  The state law claim is thus removable as supplemental claims.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) *and United Mine Workers v. Gibbs*, 383 U.S. 715, 725-27 (1966).

## REMOVAL IS TIMELY

7.      Pursuant to 28 U.S.C. § 146(b)(2)(B), this Notice of Removal is timely because it is filed within 30 days after receipt by Defendants of the papers that provide the basis for removal of this action as calculated by Federal Rule of Civil Procedure 6(a)(1)(c).

## REMOVAL IS PROPERLY FILED

8.      Removal to the United States District Court for the District of Delaware is an appropriate venue for removal pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446.

9.      Pursuant to § 1441(a), Plaintiff's Complaint may be removed to this Court because the United States District Court for the District of Delaware is the district embracing the place where the complaint is currently pending.

10.      Pursuant to § 1446(a), copies of all papers and process received by Defendants with this statement for the grounds of removal.

11.      The records from the state court action are filed herewith.  Paper copies and all other required materials will be submitted to the Court in accordance with Local Rules 81.1 and 81.2.

12.      Pursuant to § 1446(d), a notice of removal will be filed with the Superior Court of the State of Delaware and served upon Plaintiff through is counsel of records.

**WHEREFORE PREMISES CONSIDERED**, Defendants hereby remove this action from the Superior Court for the State of Delaware.

Respectfully submitted this the 20th day of September, 2022.

*/s/     Kristi J. Doughty*
Kristi J. Doughty, Esq. (#3826)
**SCHNADER HARRISON SEGAL & LEWIS, LLP**
824 Market Street, Suite 800
Wilmington, DE 19801
T: 302-482-4038 | F: 302-888-1696
KDoughty@Schnader.com

3

/s/ *MaryJo L. Roberts*
MaryJo L. Roberts, Esq.  [*PHV Forthcoming*]
**THE KULLMAN FIRM**
*A Professional Law Corporation*
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163-1600
T: 504-596-4195 | F: 504-596-4114
MLR@KullmanLaw.com
Secretary: ARA@KullmanLaw.com

/s/ *Setara C. Ozan-Foster*
Setara Ozan-Foster, Esq.  [*PHV Forthcoming*]
**THE KULLMAN FIRM**
*A Professional Law Corporation*
600 University Park Place, Suite 340
Birmingham, Alabama 35209
T: 205-623-1862 | F: 205-871-5874
SCO@KullmanLaw.com
Paralegal: RJT@KullmanLaw.com

***Counsel for Defendants KBR, Inc. and Technical Staffing Resources, LLC***

4